UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHEILA LOSHAW,

    Plaintiff,

v.    Case No:   6:14-cv-1778-Orl-41TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Shelia Loshaw's application to proceed in district court without prepaying fees or costs, which the court construes as a motion to proceed *in forma pauperis*. (Doc. 2). On November 4, 2014, I deferred ruling on Plaintiff's motion and directed her to file an amended complaint on or before November 25, 2014. (Doc. 4 at 3). Plaintiff has not amended her complaint and the time within to do so has passed.

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the case *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324

(1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, the plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Federal district courts are courts of limited jurisdiction and an action must be dismissed if the court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Parties seeking to invoke a federal district court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction[1] or the existence of a federal question (i.e "a civil action arising under the Constitution,

---

[1] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review *sua sponte* whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff's complaint states in its entirety,

> I Shelia Loshaw am requesting for [sic] extension of time to file soc. sec. disability appeal to allow for information which is pertinent to case to be [sic] acquired and representation to be sought. The tardiness of requesting for [sic] extension is because I have been physically and mentally ill and under medical care which kept me from coming here in person to file this.

(Doc. 1). The complaint fails to state a basis for this Court's jurisdiction, fails to allege a cause of action, seeks no relief, fails to allege exhaustion of Plaintiff's administrative remedies, and is otherwise deficient because it does not list any pertinent facts in numbered paragraphs. Without an affirmative showing that Plaintiff has exhausted her administrative remedies, the Court does not have subject matter jurisdiction to hear this action. 42 U.S.C. § 405(g). Despite having an opportunity to do so, Plaintiff has not cured these defects.

Therefore, I **RESPECTFULLY RECOMMEND** that Plaintiff's motion be **DENIED**, the case be **DISMISSED**, and that the Clerk be directed to **CLOSE** the case file.

**RECOMMENDED** in Orlando, Florida on December 2, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Pro se Plaintiff
    Counsel of Record